**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL ANGELO RIVERA,

    Petitioner,

v.

ERICK BALCARCEL,

    Respondent,

    _____/

Civil No. 2:18-CV-11804
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Michael Angelo Rivera, ("petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, through counsel Wright W. Blake, Jr., in which he challenges his conviction for four counts of conspiracy to commit first-degree premeditated murder, M.C.L.A. 750.157a and 750.316(1), one count of assault with intent to commit murder, M.C.L.A. 750.83, one count of using computers to commit a crime, M.C.L.A. 752.796, and one count of felonious assault, M.C.L.A. 750.82. For the reasons that follow, the petition for writ of habeas corpus is **DENIED.** The Court will issue petitioner a certificate of appealability and an application to proceed on appeal *in forma pauperis.*

### I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit

1

Court. Petitioner was convicted of conspiring with his girlfriend to murder her parents and siblings. Petitioner's girlfriend was unsuccessful in her attempt to murder her family, but she did cut her brother's throat and held a knife to the throat of her sister. Petitioner's involvement in the crime was proven by a series of text messages that he sent to his girlfriend, in which he gave her detailed instructions how to kill her family. Petitioner later agreed to come over to his girlfriend's house and help her kill her family. Petitioner's friend, Felix Andino, testified that he picked up petitioner and his girlfriend from a high school in Plymouth, Michigan on the night in question, near where the crime took place. Andino noticed blood on the girlfriend's hand. Petitioner was interrogated by the police after being arrested and made a detailed statement admitting his involvement in the crime.

Petitioner testified on his own behalf at trial. Petitioner denied giving his girlfriend instructions on how to cut a throat with a knife, claiming that he did not send the text messages. (Tr. 7/22/15, pp. 63-64). Petitioner also repudiated his statement to the police, indicating that he was under the influence of alcohol when he made it. (*Id.*, pp. 84-90). Over defense counsel's objection, petitioner was questioned by the prosecutor about engaging in sexual relations with his girlfriend, even though she was fifteen years old at the time. (*Id.*, pp. 94-95). [1]

---

[1] Petitioner pleaded guilty in a separate case for third-degree criminal sexual conduct based on this conduct and was sentenced to 2 ½ to 15 years in prison.

Petitioner was convicted and sentenced to life in prison without parole on the conspiracy to commit first-degree murder convictions, 18 to 30 years on the assault with intent to commit murder conviction, 12 to 20 years for the computer-crime conviction, and 2 to 4 years for the felonious assault conviction.

The Michigan Court of Appeals affirmed petitioner's conviction but ordered that the judgment of sentence be corrected to reflect that petitioner's life sentence on the conspiracy to commit first-degree murder convictions was parolable. *People v. Rivera,* No. 332648 (Mich.Ct.App. Sept. 2, 2016). The Michigan Supreme Court denied petitioner leave to appeal. *People v. Rivera,* 500 Mich. 961, 892 N.W. 2d 356 (2017).

Petitioner seeks a writ of habeas corpus on the following ground:

> Petitioner was denied his federal right to due process when the prosecutor improperly elicited testimony on cross-examination of petitioner concerning pending charges that were not relevant, but were highly unfairly prejudicial.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or

3

> involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

4

The Michigan Court of Appeals denied petitioner's claim that he raised on his direct appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id.* at 99-100.

The AEDPA deferential standard of review applies to petitioner's claim where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court then denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. See *Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

### III. Discussion

Petitioner claims that the prosecutor committed misconduct by asking the petitioner about whether he had sexual intercourse with his girlfriend three times, even though she was a minor at the time. Petitioner claims that this evidence was prejudicial, irrelevant, and was introduced in violation of M.R.E. 404(b) to show that petitioner was a bad man who had a propensity to commit criminal acts.

Defense counsel objected on relevance grounds to questions about the sexual relations between petitioner and his girlfriend. The trial judge overruled the objection and permitted the prosecutor to question petitioner about the sexual intercourse. (Tr. 7/22/15, p. 95). The prosecutor later brought up the sexual relations between petitioner and his girlfriend briefly in her rebuttal argument to explain a possible motive for the crimes charged. (*Id.,* p. 111).

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F. 3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render

6

the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45. In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his or her prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012)(quoting *Harrington*, 562 U.S. at 103).

Although F.R.E. 404(b) and its state counterpart M.R.E. 404(b) generally prohibit a prosecutor from questioning a defendant about prior bad acts, the United States Supreme Court has never held that the federal constitution forbids a prosecutor from doing so, thus the rejection of petitioner's prosecutorial misconduct claim by the Michigan courts would not entitle petitioner to habeas relief. *See Wagner v. Klee*, 620 F. App'x. 375, 378 (6th Cir. 2015). The Sixth Circuit has also noted that there are no Supreme Court cases which support the proposition that a prosecutor's questions that call for answers that are inadmissible due to relevancy constitute prosecutorial misconduct that rises to the level of a federal due process violation. *See Wade v. White,* 120 F. App'x. 591, 594 (6th Cir. 2005). Petitioner would not be entitled to habeas relief even if evidence of the sexual relations between petitioner and his girlfriend was irrelevant. *Id.*

7

Although petitioner alleges prosecutorial misconduct, his claim "amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." *Webb v. Mitchell*, 586 F. 3d 383, 397 (6th Cir. 2009). "A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." *Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008)(prosecutor did not engage in misconduct by commenting on defendant's prior assaultive conduct in his opening and closing arguments, in prosecution for second-degree murder, where trial court had previously ruled that such bad acts were relevant to establish the identity of the perpetrator). The trial judge concluded that this evidence was relevant and admissible. There was no violation of clearly established federal law for the prosecutor to rely on the trial judge's ruling in admitting this "other acts" evidence of petitioner's sexual relations with his girlfriend in petitioner's trial, regardless if the trial judge's ruling was correct, thus petitioner is not entitled to habeas relief on his claim. *See Key v. Rapelje*, 634 F. App'x. 141, 146–47 (6th Cir. 2015).

**A certificate of appealability.**

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [2] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA

---

[2] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claim. *Id.* at 336-37.

The Court concludes that jurists of reason would find its assessment of the constitutional claim debatable or wrong. *See Slack*, 529 U.S. at 484-85. Any doubt regarding whether to grant a COA from the denial of a petition for federal habeas relief is resolved in favor of the habeas petitioner, and the severity of the penalty may be considered in making that determination. *See Newton v. Dretke,* 371 F. 3d 250, 253 (5th Cir. 2004). Any doubts regarding the issuance of a COA in this case should be resolved in petitioner's favor, in light of the life sentence that he is serving. The Court thus issues petitioner a COA. Petitioner is also

---

appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

granted leave to proceed on appeal *in forma pauperis*, as any appeal would not be frivolous. A court may grant *in forma pauperis* status if the court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Rivera is not entitled to federal-habeas relief on the claim presented in his petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**. (Dkt. # 1.)

**IT IS FURTHER ORDERED** that the Court issues petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

                               s/Arthur J. Tarnow
                               **HON. ARTHUR J. TARNOW**
                               SENIOR UNITED STATES DISTRICT COURT

DATED: November 7, 2918